IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DEBORAH FISCHER | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO.7:11-CV-00279 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| CITY OF DONNA, TEXAS, | § | |
| *Defendant* | § | |

**DEFENDANT'S MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CITY OF DONNA, TEXAS, Defendant in the above-styled and numbered cause, and hereby files this its Motion for Leave to Designate Expert Witness and would respectfully show unto the Court the following:

I.
Introduction

On April 5, 2012, defendant propounded written discovery to plaintiff, wherein it specifically requested plaintiff's personal and business income tax returns for tax years 2000 to 2011. On May 25, 2012, plaintiff objected to producing her income tax returns on grounds her income tax returns "are highly sensitive documents and courts are reluctant to order their routine disclosure as a part of discovery". On June 14, 2012, counsel for defendant sent correspondence to plaintiff requesting plaintiff withdraw her objections and produce the requested documents. On June 15, 2012, defendant's deadline to designate expert witnesses passed [Doc. 11]. On June 21, 2012, counsel for plaintiff refused to withdraw the objection, contending "the objections are valid and will not be withdrawn. Neither will Ms. Fischer's tax documents be produced without court order." On June

26, 2012, defendant filed its Motion to Compel Plaintiff to Respond to Discovery [Doc. 12]. On August 17, 2012, a hearing was held on said motion and the Court ordered plaintiff to produce her income tax returns from "2006 to present". On August 31, 2012, defense counsel received plaintiff's income tax returns from 2006 to 2010; however, some of them were incomplete. In addition, plaintiff's 2011 tax returns were not produced because she claimed she had not yet filed them. On September 28, 2012, defense counsel requested a missing W2 for tax year 2008, page 2 of the Schedule C for tax years 2006 to 2010, and Forms 4562 for 2007 to 2010. On October 4, 2012, defendant received some of the missing documents. See Ex. 1. Moreover, it has yet to receive plaintiff's income tax return for 2011, even though the IRS extension deadline of October 15, 2012, has passed.

II.
Arguments & Authorities

A court may grant a motion to extend time filed after the deadline if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 195-96 (3d Cir. 2000). In determining whether there is excusable neglect, the court should consider the following: (1) the prejudice to the nonmovant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Yesudian v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993).

The court should grant defendant's request for an extension of time to designate expert witness, for the following reasons:

a. Plaintiff will not be prejudiced by the extension of time, as plaintiff is a CPA and the expert witness defendant wishes to designate will limit his/her opinions as to plaintiff's income tax returns.

b. The reason for the delay was beyond defendant's control as plaintiff refused to produce her income tax returns without court intervention. Once defendant received the complete returns, with the exception of the 2011 returns, defendant discovered plaintiff took numerous business and self employment deductions, which need to be reviewed and interpreted by a CPA who can render an opinion as to their validity and propriety.

c. Defendant has acted in good faith as defendant requested this information timely; however, plaintiff refused to produce these documents without court intervention and defendant did not receive them until well after its expert deadline.

III.

WHEREFORE, PREMISES CONSIDERED, Defendant City of Donna, Texas prays that the Court grant its Motion for Leave to Designate Expert Witness, and grant such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on October 19, 2012.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: /s/ Analisa Figueroa
    Joe Hernandez Jr.
    State Bar No. 09517700
    USDC No. 15145
    Analisa Figueroa
    State Bar No. 24040897
    USDC Adm. No. 38197
    **Attorneys for Defendant**

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with plaintiff's counsel but he was unavailable; therefore I assume the filing of this motion is opposed.

/s/ Analisa Figueroa
Analisa Figueroa

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of October, 2012 a true and correct copy of the above and foregoing instrument has been forwarded to:

*Via Electronic Notice*
Mr. Michael K. Burke
3900 N. 10th Street, Suite 850
McAllen, Texas 78501

/s/ Analisa Figueroa
Analisa Figueroa

4