UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DEBORAH FISCHER, ] | |
| ] | |
| *Plaintiff*, ] | |
| ] | CAUSE NO. 7:11-cv-279 |
| v. ] | |
| ] | JURY TRIAL DEMANDED |
| CITY OF DONNA, TEXAS, ] | |
| ] | |
| *Defendant*. ] | |
| ] | |

**DEBORAH FISCHER'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
THE CITY OF DONNA, TEXAS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
DEBORAH FISCHER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The City offers the Court the recent district court opinion in *Gate Guard Servs., L.P. v. Solis*, 2013 WL 593418 (S.D.Tex. Feb. 13, 2013). According to The City, *Gate Guard* stands for the proposition that when evaluating the "relative investment" factor of the Fifth Circuit's "economic realities" test, courts do not consider the employer's overall investment in the business scheme but, rather, limit their focus only to the employer's investment in the specific job of the individual employee. *See* Doc. 43, pp. 1-2. With all due respect to the *Gate Guard* court, even if that opinion stands for the proposition that The City claims it does (which Fischer denies), such a myopic examination of the "relative investment" factor conflicts with the Fifth Circuit's analysis.[1]

---

[1] There are countless other factual reasons why the *Gate Guard* opinion, and the line of opinions upon which it relies, are inapposite to the present case. Fischer, however, will limit her argument to the one point for which The City has offered *Gate Guard* to the Court.

"The determination of whether an individual is an employee or independent contractor is highly dependent on the particular situation presented." *Thibault v. Bellsouth Telecomms., Inc.*, 612 F.3d 843, 848 (5th Cir. 2010). The plaintiffs in *Gate Guard* (and in the line of cases upon which *Gate Guard* relies), all worked off-site, away from the employer's premises and on the employers' clients' properties. *See, e.g., Gate Guard*, 2013 WL 593418 at *1. In fact, in order to be able to perform their jobs the *Gate Guard* plaintiffs were required to invest in a trailer or mobile home in order to *live* onsite and, if necessary, to hire relief workers out of their own pockets. *See, e.g., Gate Guard*, 2013 WL 593418 at *7-8. Gate attendants accepted (or rejected) gate assignments on a project-by-project basis with each assignment lasting anywhere from one (1) to several weeks, and the attendants typically took significant breaks between gate assignments ranging anywhere from one (1) to nine (9) months. *Id.* at *10.

In the present case, it is undisputed that Fischer worked for The City in a conventional brick-and-mortar office setting continuously for over eleven (11) years. Under these more traditional circumstances "[i]n applying the relative-investment factor, we [the Fifth Circuit] compare each worker's *individual* investment to that of the alleged employer. *See Herman,* 161 F.3d at 304 (declining to aggregate the alleged employees' investments). Here, it is clear that Cornerstone's investment – **including maintaining corporate offices, printing brochures and contracts, providing accounting services, and developing and underwriting insurance products**[2] – outweighs the personal investment of any one Sales Leader. Cornerstone does not dispute this, but argues that the Sales Leaders made 'substantial investments' in their individual offices. While this may be true, Cornerstone's **greater overall investment in the business scheme** convinces us that the relative-investment factor weighs in favor of employee status."

---

[2]  Cornerstone America is the sales and marketing division of Mid-West National Life Insurance Company of Tennessee, a company that issues and sells health insurance policies. *Cornerstone Am.*, 545 F.3d at 342.

*Hopkins v. Cornerstone Am.*, 545 F.3d 338, 344 (5th Cir. 2008)(italics in original, bold italics added).

It is clear, then, that The City's reading of *Gate Guard* is not an accurate statement of the law, at least not outside of the specific fact scenario presented in that case. Indeed, *Thibault* (the Fifth Circuit opinion *Gate Guard* relied upon) and *Carrell* (the Fifth Circuit opinion *Thibault* relied upon) both expressly considered the respective employers' "substantial" investments in the overall business venture.[3] Thus, it is apparent that the language in *Gate Guard* The City rests its argument upon is an overstatement of the Fifth Circuit's prior opinions.

Because of the unique facts involved, *Gate Guard* cannot be read to lay down a general rule that an when examining an employer's relative investment a court is always limited to reviewing the employer's investment in the specific job of the individual employee at issue. Were that the case, virtually no worker would ever pass muster on this element of the "economic realities" test. Imagine, for example, the case of a greeter at one of America's largest employers, Wal-Mart.[4] Beyond a few dollars for a Wal-Mart vest, some stickers and a few minutes of a manager's time directing him or her where to stand, Wal-Mart makes substantially no investment

---

[3] *Carrell v. Sunland Const., Inc.*, 998 F.2d 330, 334 (5th Cir. 1993)("Although Sunland generally did not supply any essential equipment or welding tools to its welders, it did supply blades for the grinders and some equipment to assist in cutting, supporting, and clamping pipes. Sunland also owned a 'tack rig' which the Welders utilized in areas where they could not physically utilize their own rigs (approximately 1% of the time). Sunland employed 'welder helpers' to assist the Welders, and occasionally provided the necessary pipe jacks and welding rods. We further recognize that Sunland's overall investment in each pipeline construction project was obviously significant."); *Thibault*, 612 F.3d at 848 ("We also 'recognize[ ]' the overall investment by the defendants. Unlike *Carrell,* however, we could not find, nor has Thibault pointed to, any evidence in the record of paying for general liability insurance. [Defendant] BellSouth did rent property in the area and built a shed and trailer as a base of operations. BellSouth also provided the materials used in the splicing: connectors, bonding straps, ground rods, terminal blocks, pedestals, cable, and drop wire, for example. The materials that BellSouth provided were either incorporated into their network or brought back to Kenner Yard at the end of the day. [Defendant] Parker, on the other hand, did not provide any materials, meals or other services. Instead, Parker's involvement in splicing seems limited to keeping track of the men and the hours. There was some evidence to suggest that Parker paid for worker's compensation insurance.").

[4] A Wal-Mart greeter's job is to welcome customers as they enter stores and to place stickers on bags of items a customer wishes to return. *Muhammad v. Wal-Mart Stores East, L.P.*, 2012 WL 3201668, *1 (W.D.N.Y. Aug. 2, 2012).

in that worker's specific job. Under The City's theory, *Gate Guard* would warrant a finding of independent contractor (or at least a neutral finding) on this element of the Fifth Circuit's "economic realities" test for a Wal-Mart greeter. *Gate Guard* is of no persuasive value in this case.

                              Respectfully submitted,

                              **/S/ Michael K. Burke**
By:_____
        Michael K. Burke
        mburke@mmguerra.com
        Texas State Bar No.: 24012359
        S.D. of Tex. No.: 24356
        *Attorney-In-Charge for Plaintiff*
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile

**Of Counsel:**

Michael M. Guerra
mike@mmguerra.com
Texas State Bar No.: 00787603
S.D. of Tex. No.: 18850
**THE LAW OFFICES OF MICHAEL M. GUERRA**
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon and forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure via the Southern District's CM/ECF system on this the 1st day of March, 2013:

Analisa Figueroa
Bobby Guerra
Joe Hernandez
**GUERRA, LEEDS,**
  **SABO & HERNANDEZ, PLLC**
1534 East 6th Street, Suite 200
Brownsville, Texas 78520

                **/S/ Michael K. Burke**
                _____
                Michael K. Burke